UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME H. SPRAGUE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DAVID I. BROWN,<br><br>　　　　　Defendant. | No. 2:17-cv-02434 KJM CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

On January 24, 2018, the undersigned held a hearing on defendant's motion to dismiss this action pursuant to Rule 12(b)(6). (ECF No. 5.) Plaintiff has filed a response (ECF No. 6); defendant has filed a reply (ECF No. 8); and plaintiff has filed a sur-reply, authorized at the hearing. (ECF No. 11.) Derick Konz appeared telephonically for defendant, and plaintiff appeared pro se. At the close of the hearing, the court took the matter under submission.

I. Legal Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A defendant may bring a motion to dismiss under Rule 12(b)(6) based on the doctrines of res judicata or collateral estoppel. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). In ruling on a Rule 12(b)(6) motion, the court may consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

II. Motion to Dismiss

Plaintiff, a Sacramento resident, is proceeding pro se. He brings this action against Sacramento Superior Court Judge David Brown challenging Judge Brown's rulings in a judgment debtor proceeding against plaintiff. Plaintiff asserts four claims: (1) denial of procedural due process in violation of the 5th and 14th Amendments; (2) denial of procedural due process under the California Constitution; (3) taking property without just compensation under the 14th Amendment; and (4) negligent infliction of emotional distress. (ECF No. 1.)

Defendant points out that plaintiff filed an earlier federal action against Judge Brown on May 4, 2017 which alleged the same claims for relief, ECF No. 2:17-cv-0938 KJM GGH. On August 16, 2017, the district judge adopted findings and recommendations dismissing the action with prejudice on the basis of judicial immunity. "This court can discern no means by which plaintiff could replead to move this case from under the umbrella of judicial immunity," the magistrate judge wrote in his May 10, 2017 findings and recommendations.

Defendant argues that the instant case is substantively the same as the earlier action, except that plaintiff now includes an October 17, 2017 ruling by Judge Brown. Thus, defendant asserts, this action is barred by res judicata.[1] "Res judicata, also known as claim preclusion, applies only where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (citation and internal quotation marks omitted). This doctrine prevents the re-litigation of any claims that were raised, or could have been raised, in a prior action. W. Radio

---

[1] Plaintiff's opposition to the motion makes various technical arguments, e.g., that defendant's motion was not properly served because the name listed on the proof of service is "Jerome Sprague," omitting the language "Trustee and Trustor of the Jerome H. Sprague Family Revocable Trust." (ECF No. 6 at 2.) However, there is no evidence that plaintiff was not served with the motion at his address of record. In fact, he promptly filed a response. Thus plaintiff's technical argument of improper service is without merit.

2

Servs. Co., Inc., v. Glickman, 123 F.3d 1189, 1192 (9th Cir.1997).  Here, the August 16, 2017 dismissal of the earlier action with prejudice was a final judgment on the merits, see Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005), and the other two factors are met here.  Thus the instant claims are barred by res judicata, and there is no need to reach defendant's alternative argument that judicial immunity bars the instant suit.

Accordingly, IT IS HEREBY RECOMMENDED THAT defendant's motion to dismiss (ECF No. 5) be granted and this action dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 sprague2434.mtd_fr

3