# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME H. SPRAGUE, et al., | No. 2:17-cv-02434-KJM-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| DAVID I. BROWN, | |
| Defendant. | |

Plaintiffs move for reconsideration of the court's adoption of the magistrate judge's findings and recommendations. Mot., ECF No. 19. Plaintiffs appear to provide two bases for their motion: (1) res judicata is inapplicable here because the claims in the prior case, *Sprague v. Brown*, 2:17-cv-00938-KJM-GGH ("prior case"), and the claims in this matter are distinct; and (2) judicial immunity is inapplicable because the complaint alleges a "loss of Personal thus Subject Matter jurisdiction," which plaintiffs argue is a characteristic of judicial behavior exceeding the scope of judicial immunity. *Id.* at 2–4.

Local Rule 230(j) governs motions for reconsideration. In pertinent part, a party seeking reconsideration must: "set[] forth the material facts and circumstances surrounding [the] motion . . . including: what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. R. 230(j)(3). "[A] motion for reconsideration should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted and alteration in original).

It is not an abuse of discretion to deny a motion for reconsideration where the underlying order is merely "erroneous," rather than "clearly erroneous." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999). "Mere doubts or disagreement about the wisdom of a prior decision . . . will not suffice . . . . To be clearly erroneous, a decision must . . . [be] more than just maybe or probably wrong; it must be dead wrong." *Campion v. Old Repub. Home Prot. Co., Inc.*, No. 09-748, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) (quoting *Hopwood v. State of Tex.*, 236 F.3d 256, 273 (5th Cir. 2000)); *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (movant must demonstrate a "wholesale disregard, misapplication, or failure to recognize controlling precedent").

In other words, the hurdle to justify granting a motion for reconsideration is high, and plaintiffs fail to clear that hurdle here. First, plaintiffs' assertion that res judicata is inapplicable because the complaint in this case presents new claims not raised in the prior case is unavailing. It is true that an identity of claims between the two cases is an essential element of a res judicata defense. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) ("Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."). In the Ninth Circuit, courts do not simply look to the title of a claim to determine if identity exists; rather, courts consider several factors:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (alteration in original).

/////

Here, *Headwaters* factors three and four are satisfied such that res judicata applies. As defendant highlighted in his original motion to dismiss, the prior case and the present case both involve alleged infringement of the same right, loss of real and personal property caused by Judge Brown's ruling; and both cases arise from the same nucleus of facts, Judge Brown's decisions in the judgment-debtor proceedings in Sacramento County Superior Court. *See* ECF No. 5-1 at 3–4. The underlying events and the harm alleged in the two suits are substantially similar, and plaintiffs provide no justification for the court to depart from its prior ruling.

Even if res judicata were inapplicable, plaintiffs fail to establish how "[t]he issue of [] Judge Brown's loss of Personal thus Subject Matter Jurisdiction" means his actions exceed the bounds of judicial immunity. Mot. at 3–4. As the court explained in its prior order, judicial immunity can be circumvented only if a judge's actions are either (1) entirely nonjudicial, or (2) performed without any jurisdictional basis. ECF No. 17 (citations omitted). To the extent plaintiffs are alleging that Judge Brown acted without any jurisdictional basis, they provide no meaningful explanation of their position. "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction. Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (internal citations omitted).

The underlying complaint stems from Judge Brown's rulings in a probate proceeding in Sacramento County Superior Court, a forum exclusively reserved for matters of probate. *See Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251 (9th Cir. 2017) (citing *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)) ("The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court."). In support of their assertion, plaintiffs point to Exhibit H, attached to their complaint, which provides a "summary of

court's loss of personal & subject matter jurisdiction." ECF No. 1 at 187.[1]  This exhibit lists various Superior Court Local Rules and codes of procedure, and plaintiffs' corresponding objections to Judge Brown's actions under each applicable rule. *Id.*  These objections, however, address only actions patently judicial in nature and fail to identify any manner in which Judge Brown acted beyond his jurisdictional authority in matters of probate.

For each of the reasons discussed above, plaintiffs fail to provide any justification why the court should depart from its prior order.  The motion for reconsideration, ECF No. 19, is DENIED.

IT IS SO ORDERED.

DATED: March 29, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The page number refers to ECF pagination, not internal document pagination.