UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME H. SPRAGUE, et al., | No. 2:17-cv-02434-KJM-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| DAVID I. BROWN, | |
| Defendant. | |

For the second time, plaintiff Sprague moves for reconsideration of the court's adoption of the magistrate judge's findings and recommendations to dismiss plaintiff's claims as barred by res judicata. Mot., ECF No. 21. Plaintiff's first motion for reconsideration of the same order, ECF NO. 19, was denied, ECF No. 20. For the following reasons, plaintiff's second motion for reconsideration is DENIED.

I. LEGAL STANDARD

Local Rule 230(j) governs motions for reconsideration. In pertinent part, a party seeking reconsideration must: "set[] forth the material facts and circumstances surrounding [the] motion . . . including: what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j)(3). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted and alteration in original).

It is not an abuse of discretion to deny a motion for reconsideration where the underlying order is merely "erroneous," rather than "clearly erroneous." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999). "Mere doubts or disagreement about the wisdom of a prior decision . . . will not suffice . . . . To be clearly erroneous, a decision must . . . [be] more than just maybe or probably wrong; it must be dead wrong." *Campion v. Old Repub. Home Prot. Co., Inc.*, No. 09-748, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) (quoting *Hopwood v. State of Tex.*, 236 F.3d 256, 273 (5th Cir. 2000)); *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (movant must demonstrate a "wholesale disregard, misapplication, or failure to recognize controlling precedent").

II.  DISCUSSION

Plaintiff's second motion does not include any "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion." L.R. 230(j)(3). The only new fact plaintiff raises relates to his state case, *The People ex rel. Sacramento Metropolitan Air Quality Management District v. Sprague*, Sacramento County Superior Court Case No. 03AS00061. Plaintiff informs the court that he has received a notice from the California Court of Appeals stating it is "prepared to render a decision in the [] case without hearing oral argument." Mot., ECF No. 21, at 3. Plaintiff also represents he requested oral argument in the state case. *Id.* at 3. These facts are not relevant to the court's analysis of defendants' motion to dismiss.

Plaintiff also attaches and quotes extensively from a five-page memorandum he wrote, entitled "Trustee, Trustor and Trust Has [sic] No Standing in Sacramento Superior Court Case Number 03AS00061," which outlines "the best points" in support of plaintiff's state case. *Id.* at 3–4, 17–21. He explains this memorandum is the "heart" of his second reconsideration motion. *Id.* at 4. However, the memorandum does not raise any new or meritorious arguments relevant to this court's prior order dismissing plaintiff's claims as barred by res judicata.

2

1         Moreover, plaintiff does not show there has been any relevant change in the controlling law nor that the court's order adopting the magistrate judge's findings and recommendations was clearly erroneous. In fact, plaintiff does not address the res judicata holding at all.

        For the foregoing reasons, plaintiff has not provided justification for the court to depart from its prior order. The second motion for reconsideration, ECF No. 21, is DENIED.

        Furthermore, because plaintiff has now filed two unmeritorious motions for reconsideration, plaintiff is hereby DIRECTED to request leave from the court before filing any additional motions for reconsideration in this case. *Adidas Am., Inc. v. Calmese*, No. 08-CV-91-BR, 2010 WL 3418344, at *2 (D. Or. Aug. 30, 2010) (recounting that court denied plaintiff's second motion for reconsideration and "instructed Defendant to seek leave of Court before filing any additional motions for reconsideration"); *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively . . . ." (citation omitted)).

        IT IS SO ORDERED.

DATED: April 23, 2019.

                                                  UNITED STATES DISTRICT JUDGE